

**U.S. Department of Justice**
Environment and Natural
Resources Division

---

*Environmental Crimes Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 305-0321*
*Facsimile (202) 514-8865*

June 3, 2019

Peter Anderson, Esq.
Beveridge & Diamond PC
155 Federal Street
Suite 1600
Boston, MA 02110-1716
PAnderson@bdlaw.com

**FILED**

**JUN 2 0 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Stacey Halliday, Esq.
Beveridge & Diamond PC
1350 I Street NW
Suite 700
Washington, DC 20005-3311
SHalliday@bdlaw.com

*By electronic mail*

Re:   United States v. District Properties, LLC
      Criminal Case No. 19-196-2 (ABJ)

Dear Mr. Anderson and Ms. Halliday:

This letter sets forth the full and complete plea offer to your client, **DISTRICT PROPERTIES, LLC** (hereinafter referred to as "your client" or "defendant"), from the Environmental Crimes Section of the U.S. Department of Justice (hereinafter referred to as "the Government" or "this Office"). This plea offer expires on **June 7, 2019**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

1.   **Authorization to Enter this Agreement**

Your client agrees that this Agreement will be executed by an authorized corporate representative, namely Mohammad Sikder. Your client agrees that Mr. Sikder has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

## 2. Agreement Limited to Parties

The parties to this agreement are your client and this Office. This Agreement does not provide protections to individuals and entities other than your client: nothing in this Agreement provides any protection against prosecution of any present or former director, officer, employee, shareholder, agent, consultant, reference, contractor, or subcontractor of your client for any violations. Moreover, this Agreement does not bind any other branch of the Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority.

## 3. Charges and Statutory Penalties

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with one felony count of making a materially false statement in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001. Your client understands that a violation of 18 U.S.C. § 1001 carries a fine of up to $500,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(c) & (d); a term of probation of not more than five years; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. In addition, your client agrees to pay a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B), to the Clerk of the United States District Court for the District of Columbia.

## 4. Wiring

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Agreement are contingent upon the entry of a guilty plea by **MOHAMMAD SIKDER** in this case. If either or both of these co-defendants fails to enter a guilty plea, this Agreement and any proceedings pursuant to this Agreement may be withdrawn or voided at the option of this Office.

## 5. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

## 6. Additional Charges

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

## 7. Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

ms 6/20/19

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3571(c)(2) & (d), your client and the Government agree to a specific fine in the amount of $150,000, and a special assessment of $400. The Parties agree that these amounts shall be paid to the Clerk of the Court, United States District Court for the District of Columbia, within five business days after sentencing. Your client agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, local, or foreign tax for any fine paid pursuant to his Agreement.

Your client and the Government further agree to a 2-year term of probation, a condition of which is to organize three seminars—one in the District of Columbia, one in Maryland, and one in Northern Virginia—for the real estate development business community on lead paint regulation. The basic agendas for these seminars will include: (1) a summary and elements of the law, the underlying lead and disclosure regulations, and related forms to be completed; (2) an overview of the cases that have been prosecuted and the penalties imposed, to include your client's case; (3) a practical checklist and steps for developers to follow to assure compliance; and (4) a list of EPA-approved contractors in the region who can perform the necessary inspection and remedial services. Your client will arrange for space and manage the logistics of the seminars, but will hire a qualified entity, agreed upon by the Government, to develop materials and conduct the training.

The Government agrees that it will not seek a separate restitution order as part of the resolution of the charge in the Information. The Government and your client agree that the complication and prolongation of the sentencing process that would result from an attempt to fashion a restitution order outweigh the need to provide restitution to non-governmental victims, if any, in this case.

Your client and the Government further agree, with the permission of the Court, to waive the requirement of a Pre-Sentence Investigation Report pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), based on a finding by the Court that the record contains information sufficient to enable the Court to meaningfully exercise its sentencing power. Your client and the Government agree, however, that in the event the Court orders the preparation of a Pre-Sentence Investigation Report prior to sentencing, such order will not affect the agreement set forth herein. In the event the Court directs the preparation of a Pre-Sentence Investigation Report, this Office will fully inform the preparer of the report and the Court of the facts and law related to your client's case.

### A. Acceptance of this Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a specific fine in the amount of $150,000 and a special assessment of $400. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

[signature and date 6/20/19]

### B. Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the guilty plea or maintain the guilty plea. If your client elects to maintain the guilty plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this guilty plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

### 8.   Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the Pre-Sentence Investigation Report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

### 9.   Waivers

#### A. Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute

of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### B. Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, and to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### C. Appeal Rights

Your client agrees to waive the right to appeal the conviction in this case on any basis permitted by law, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term or condition of probation, and the manner in which the sentence was determined, except to the extent the Court sentences your client to a fine greater than the statutory maximum. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your

client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### D. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### E. Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 10. Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A. The Government and your client agree that the complication and prolongation of the sentencing process that would result from an attempt to fashion a restitution order outweigh the need to provide restitution to non-governmental victims, if any, in this case.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

### 11. Public Statements by Your Client

Your client expressly agrees that it shall not, through its present or future attorneys, board of directors, agents, officers or employees, agents or any other person authorized to speak for your client, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by your client set forth above or the facts described in the Statement of Offense. Any such contradictory statement shall, subject to cure rights of your client described below, constitute a breach of this Agreement and your client thereafter shall be subject to prosecution as set forth in Paragraph 13 of this Agreement. The decision whether any public statement by any

such person contradicting a fact contained in the Statement of Offense will be imputed to your client for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of this Office. If this Office determines that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Offense, this Office shall so notify your client, and your client may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. Notwithstanding the above and consistent with the obligations of your client as set forth above, your client shall be permitted to raise defenses and to assert affirmative claims in civil and regulatory proceedings related to the matters set forth in the Statement of Offense. This paragraph does not apply to any statement made by any present or former employee of your client in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of your client.

### 12. Sale or Merger of Your Client

Your client agrees that in the event that it sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale is structured as a stock or asset sale, merger, or transfer, it shall include in any contract for sale, merger, or transfer a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement.

### 13. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after

the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 14.   Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and a Trial Attorney for the Environmental Crimes Section.

Your client further understands that this Agreement is binding only upon the Environment and Natural Resources Division of the Department of Justice. This Agreement does not bind any United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **June 7, 2019**.

Sincerely yours,

/s/ Cassandra Barnum
Cassandra Barnum
Trial Attorney
Environmental Crimes Section

DEFENDANT'S ACCEPTANCE

On behalf of District Properties, LLC, I have read every page of this Agreement and have discussed it with the attorneys for District Properties, Peter Anderson and Stacey Halliday. On behalf of District Properties, LLC, I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending District Properties, LLC, to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I have the authority to execute this agreement on behalf of District Properties, LLC, and do so because District Properties, LLC, is in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by the attorneys for District Properties, LLC, in connection with this Agreement and matters related to it.

Date: 6/20/19

Mohammad Sikder
On behalf of District Properties, LLC

ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client's representative, Mohammad Sikder, and, through him, fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 6/20/19

Peter Anderson, Esq.
Attorney for Defendant